UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANTA DARGBEH, | ) | CIVIL NO: 1:17-cv-1818 |
| Petitioner | ) | |
| | ) | (Judge Jones) |
| v. | ) | |
| | ) | (Magistrate Judge Arbuckle) |
| CLAIR DOLL, *et al.,* | ) | |
| Respondents | ) | |

REPORT AND RECOMMENDATION

The full procedural background of this case is detailed in my Opinion and
Order (Doc. 11) filed on February 16, 2018. Shanta Dargbeh (Petitioner) is a lawful
permanent resident who was placed in removal proceedings based upon criminal
convictions and has been detained in immigration custody since December 1, 2015.
She filed this petition for writ of habeas corpus seeking bond consideration on
October 5, 2017 (Doc. 1). On February 23, 2018, U.S. District Judge John E. Jones
remanded this case to an Immigration Judge (IJ) to conduct an individualized bond
hearing within thirty (30) days (Doc. 14). The Court retained jurisdiction.

A bond hearing was held on March 19, 2018 before an IJ and an audio copy
of the hearing was filed with this court (Doc. 21). The IJ denied bond on the basis of
dangerousness as shown by Petitioner's 2008 criminal conviction for arson. On April
3, 2018, Petitioner filed a Motion to Enforce Judgment (Doc. 15) arguing that the
bond hearing was not an individualized hearing as required for a number of detailed
reasons. After a response by the Government and briefing by the parties. I found
that:

    a) *Jennings v. Rodriguez* does not preclude bail in this case;

    b) The IJ Bond Hearing held on March 19, 2018 did not provide the
       individualized decision required by this court; and,

c) A new bond hearing should be held by this court.

A Bond Hearing was held before me on Wednesday, December 19, 2018 at 10:00 a.m. in Courtroom Three of the Federal Courthouse, Williamsport, Pennsylvania. At that hearing, the recording of the March 19, 2018 IJ Bond Hearing (Doc. 21) and the Exhibits from that Hearing (Doc. 15-1) were admitted for my consideration without objection. Also admitted were Exhibits A-D from Petitioner's Proposed Findings of Fact and Conclusion of Law (Doc. 33-1) and a list of bond conditions proposed by the Government (Govt. Ex. 1). The Petitioner testified and counsel for both parties provided skilled and thorough argument in support of their legal positions and my questions.

For the reasons stated in detail on the record at the hearing on December 19, 2018, I find that the government has not met its burden of showing that the Petitioner is a danger or undue flight risk and that due process considerations require her release from detention pending a final decision by the Immigration Authorities on her removal. A Proposed Order is attached.


Date: December 20, 2018                    BY THE COURT

                                           *s/William I. Arbuckle*
                                           William I. Arbuckle
                                           U.S. Magistrate Judge